### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 03-495-JPG |
| | ) | |
| A. RAMOS, R. TURNER, ROY L. GRATHLER, ANTHONY R. BAUER, KAY A. SURMAN, ANDREW N. WILSON, and JONATHAN R. WALLS, | ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and supporting exhibits into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against Defendants Ramos and Turner for damage to his property.

**COUNT 2:** Against Defendant Walls for failure to redress grievances.

**COUNT 3:** Against Defendant Ramos for retaliation.

    **COUNT 4:**    Against Defendant Surman for failure to provide proper due process.

    **COUNT 5:**    Against Defendant Ramos for depriving him of dinner.

    **COUNT 6:**    Against Defendant Grathler for harassment.

    **COUNT 7:**    Against Defendant Bauer for failure to provide proper due process.

    **COUNT 8:**    Against Defendant Grathler for failure to provide proper due process.

    **COUNT 9:**    Against Defendant Walls for denying his grievance.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

## COUNT 1

On January 21, 2002, Plaintiff went to morning recreation. When he returned, he found his radio/cassette player on the floor of his cell with two buttons missing.

Plaintiff's first claim is that his radio was damaged to harass him. The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment,

to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Plaintiff has no claim under Section 1983, and Count 1 is dismissed from this action with prejudice.

## COUNT 2

Upset about his broken radio, Plaintiff filed a grievance over this matter, alleging that the radio had been broken deliberately by Turner on the orders of Ramos in order to harass him. His next claim is that Walls refused to consider his grievance over his broken radio under the "emergency grievance" procedures.

Although an inmate "may request a grievance be handled on an emergency basis," such a request will be granted only if "the Chief Administrative Officer determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender...." 20 Ill. Adm.Code § 504.840. The Court finds, as a matter of law, that a broken radio does not constitute such an emergency and, as such, Plaintiff suffered no constitutional violation by Walls's refusal to consider his grievance as an emergency. Therefore, Count 2 is dismissed from this action with prejudice.

**COUNT 3**

Two weeks after Plaintiff accused Ramos and Turner of deliberately breaking his radio, Ramos issued a disciplinary ticket to Plaintiff for providing false information, damage or misuse of property, insolence, and disobeying a direct order.  Plaintiff contends that this ticket was written solely in retaliation for Plaintiff's complaint to Walls about the broken radio.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss this retaliation claim against Ramos at this point.

**COUNT 4**

Plaintiff claims that Surman did not provide him with proper due process regarding the February 27 ticket written by Ramos, thus unjustly punishing him with the loss of one month of commissary privilege and a demotion to C-grade for one month.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  However, Plaintiff has no protected liberty interest in a demotion to C-grade status or a loss of commissary privileges. *See, e.g., Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein).

Therefore, his allegations do not present a viable constitutional claim, and Count 4 is dismissed from this action with prejudice.

**COUNT 5**

Plaintiff is upset because Ramos deprived him of lunch and dinner on or about May 15, 2002. According to the exhibits, Plaintiff lost his prisoner identification card in the recreation yard that morning and, per I.D.O.C. policy, he was not allowed to leave his cell to go to the dining hall. The exhibits indicate that Plaintiff was served meals in his cell; Plaintiff alleges that he was not fed at all and, for purposes of this order, the Court will assume that Plaintiff's version is correct.

To establish a violation of the Eighth Amendment, a prisoner must prove two elements: (1) the deprivation alleged is sufficiently serious such that it resulted in the "denial of the minimal civilized measure of life's necessities" and (2) prison officials knew of a substantial risk to the prisoner but failed to take reasonable steps to prevent the harm from occurring. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In some circumstances, a prisoner's claim that he was denied food may satisfy the first element but, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) ( it would be an Eighth Amendment violation to deny a prisoner of an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation; *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a

prisoner for twelve days unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health."); *Robbins v. South*, 595 F.Supp. 785, 789 (D.Mont. 1984) (requiring inmate to eat his meals in less than 15 minutes does not amount to cruel and unusual punishment).

Plaintiff here missed two meals, but he was does not allege harm to his health; his claim therefore does not rise to the level of a constitutional violation. Accordingly, Count 5 is dismissed from this action with prejudice.

**COUNT 6**

Plaintiff next complains about harassment and confiscation of his property by Grathler. On July 16, 2002, Plaintiff was going to recreation. Grathler noticed that he appeared to be concealing something in his hands, so Grathler ordered Plaintiff to show him what he was carrying. Plaintiff refused to comply with that order and became verbally abusive. Grathler then confiscated the item – a face cloth, or wash cloth – and threw it into the trash. Grathler then issued a disciplinary ticket for intimidation or threats, insolence, and disobeying a direct order. Plaintiff was found guilty, resulting in the loss of yard and commissary privileges for two months, a two-month demotion to C-grade, and two months in segregation.

As stated above, when bringing an action under § 1983 for procedural due process violations, Plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon, supra*, 494 U.S. at 125. In this claim, Plaintiff alleges that he was placed in disciplinary segregation for two months in violation of his

right to procedural due process. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas, supra*, 130 F.3d at 760-62 (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks,* 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Nor does he have a protected liberty interest in commissary, yard or grade level. *Thomas*, 130 F.3d at 762 n.8. Therefore, he has no claim regarding this disciplinary proceeding.

The only other constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. However, as discussed above in Count 1, Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. Therefore, Plaintiff has no claim under Section 1983, and Count 6 is dismissed from this action with prejudice.

**COUNT 7**

Later in the day on July 16, Bauer was performing a cell check and directed Plaintiff to show his identification card. Plaintiff refused and became verbally abusive, so Bauer issued Plaintiff a disciplinary ticket for concealment of identity, insolence, and disobeying a direct order. Plaintiff was found guilty, resulting in one month in segregation, a one-month demotion to C-grade, and the loss of commissary privilege for one month.

As explained above in Count 6, Plaintiff has no protected liberty interest in remaining in general population, or in his grade level, or in commissary privilege. Therefore, Count 7 is dismissed from this action with prejudice.

**COUNT 8**

On July 29, 2002, it seems Plaintiff was yelling loudly in the cell house, Grathler directed him to stop, Plaintiff refused and became verbally abusive. Grathler issued Plaintiff a disciplinary ticket for intimidation or threats and disobeying a direct order. This ticket led to a two-month term of the loss of commissary privilege, a demotion to C-grade and time in segregation. No protected liberty interest is implicated by these sanctions, and Count 8 is dismissed from this action with prejudice.

### COUNT 9

On October 10, 2002, Plaintiff fell on the stairs while handcuffed, bruising his knee and ribs. He filed a grievance over the matter, claiming that the lead officer failed to follow Department policy, thus resulting in Plaintiff's fall. That grievance was denied, and this final claim simply voices Plaintiff's dissatisfaction with that denial.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Accordingly, Count 9 is dismissed from this action with prejudice.

### OTHER DEFENDANTS

As a final matter, Plaintiff lists Andrew Wilson as a defendant in the caption of his complaint. However, the statement of claim does not include any allegations against Wilson. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Wilson is dismissed from this

action with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **COUNT 1, COUNT 2, COUNT 4, COUNT 5, COUNT 6, COUNT 7, COUNT 8** and **COUNT 9** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **BAUER, GRATHLER, SURMAN, TURNER, WALLS** and **WILSON** are **DISMISSED** from this action with prejudice, as no claims remain pending against them.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **RAMOS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **RAMOS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.

Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: June 15, 2005**

                                              **s/ J. Phil Gilbert**
                                              **U. S. District Judge**