IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  3:03-cv-495-DGW |
| | ) | |
| ANTHONY RAMOS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In a jury trial in this matter on November 19, 2007, after the close of the Plaintiff's case, Defendant Ramos brought an oral motion pursuant to Federal Rule of Civil Procedure 50(a), seeking to assert qualified immunity to shield him from liability in the matter.  The Court reserved ruling on this issue.  In light of the jury verdict in favor of Plaintiff, and based on the legal standards discussed below, the Court **DENIES** Defendant's oral motion seeking to assert qualified immunity.

### BACKGROUND

Plaintiff Robert Allen, then an inmate at Menard Correctional Center, filed a grievance in February 2002 accusing Defendant Ramos, a Supervisory Correctional Officer at Menard, of intentionally damaging a portable radio in his cell.  On February 27, 2002, Defendant Ramos filed a disciplinary report against Plaintiff charging him with giving false information to an employee, damage or misuse of property, insolence, and disobeying a direct order.  On March 6, 2002, after a hearing, the Menard Adjustment Committee found Plaintiff guilty of giving false information to an employee and damage/misuse of property.

Plaintiff filed his complaint in the action on July 31, 2003.  After threshold review of the complaint pursuant to 28 U.S.C. § 1915A, the only allegation remaining was Plaintiff's claim that

Defendant Ramos, in writing the disciplinary report against him, acted in retaliation for the grievance Plaintiff had filed accusing Defendant Ramos of intentionally damaging his radio (Doc. 4).

The Court denied Ramos's Motion for Summary Judgment, finding that there existed a genuine issue of material fact regarding whether the statements made by Plaintiff in his grievance about the damaged radio were true, and therefore entitled to First Amendment protection. The Court also denied summary judgment on Ramos's assertion of qualified immunity, finding that based on the existence of the disputed issue of material fact, summary judgment was inappropriate (Doc. 41).

A jury trial was held in the matter on November 19, 2007. After the presentation of evidence by both sides, the jury rendered a verdict in favor of the Plaintiff on the factual issue open in Plaintiff's claim that Defendant retaliated against him for exercising his First Amendment right to file a prison grievance.

## ANALYSIS

The Seventh Circuit has held that in order for a plaintiff to defeat a qualified immunity defense, he must first prove that his constitutional rights were violated, and that the constitutional right was "clearly established" in case law at the time of the alleged violation. Kiddy-Brown v. Blagojevich, 408 F.3d 346, 353 (2005) ("[T]he case law must be 'clearly established' at the time of the alleged violation, so that a reasonable public official would have known that his conduct was unlawful."); Spiegla v. Hull, 371 F.3d 928, 940 (7th Cir. 2004).

The jury found in Plaintiff's favor on the retaliation claim. Inherent in the jury verdict is a finding that the jury believed Plaintiff's statements that Defendant Ramos intentionally damaged his radio, and therefore that writing Plaintiff a disciplinary ticket for the grievance

violated Plaintiff's First Amendment rights.  Thus, under the qualified immunity analysis, Plaintiff has established the violation of a constitutional right.

It is well-established that inmates have the constitutional right to seek redress of their grievances.  See Babcock v. White, 102 F.3d 267, 276 (7th Cir. 1996) (citations omitted) ("[t]he federal courts have long recognized a prisoner's right to seek administrative or judicial remedy of conditions of confinement . . . as well as the right to be free from retaliation for exercising this right"); Simpson v. Nickel, 450 F.3d 303, 305 (7th Cir. 2006) ("[p]enalizing a prisoner's exercise of the constitutional right to petition for redress of grievances is a constitutional tort").  Untrue statements made in a prisoner's grievance are not protected under the First Amendment, however.  See Hasan v. DOL, 400 F.3d 1001, 1005 (7th Cir. 2005) ("[p]risoner's grievances, unless frivolous . . . are deemed petitions for redress of grievances and thus are protected by the First Amendment").

Because a jury found that Plaintiff's constitutional rights were violated and because it is a well-established principle of First Amendment jurisprudence that an inmate has a constitutional right to file grievances, the Court finds that Defendant Ramos is not entitled to qualified immunity.  Accordingly, his oral motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) is **DENIED**.

**DATED:  November 26, 2007**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**