# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT ALLEN,                              )
                                           )
        Plaintiff,        )
                                           )
    -vs-                              )    Civil No. 03-495-DGW
                                           )
ANTHONY RAMOS**,**                         )
                                           )
        Defendant.        )

## ORDER

Currently pending before the court is Plaintiff's Petition for Attorney's Fees (Doc. 75).

Defendant has filed a response (Doc. 78).

This is a suit brought by a prison inmate under 42 U.S.C. §1983. The jury returned a

verdict in favor of Plaintiff and against Defendant Ramos in the amount of $1.00 compensatory

damages. The court may allow a prevailing party a reasonable attorneys fee as part of the costs.

See 42 U.S.C. §1988. Plaintiff is a prevailing party here. Because he is a prisoner, the amount

of the fee award is limited by 42 U.S.C. §1997e.

Section 1997e places both relative and absolute limits on the amount of the fee award.

"Subsections (1) and (2) establish relative limits: fees must be "proportionately related to the

court ordered relief" and, when monetary relief is awarded, the fees attributable to that relief

cannot exceed 150% of the damages. Subsection (3) establishes an absolute limit at 150% of the

hourly rate for defense counsel under the Criminal Justice Act, times the number of hours

reasonably devoted to the litigation." Johnson v. Daley, 339 F.3d 582, 583 (7th Cir. 2003). This

limit even applies in cases where nominal damages are awarded. Boivin v. Black, 225 F.3d 36,

38 (1st Cir. 2000). See also Pearson v. Welborn, 471 F3d 732, 742 (7th Cir. 2006) (Seventh

Circuit has not addressed whether fee cap applies when only nominal damages are awarded).

Plaintiff has painstakingly calculated his attorney fees at $35,809.80.  Plaintiff's counsel Mr. Seneca represents that he spent a total of 169.50 hours on this case, which the court finds reasonable.  He also states that his billing rate is $210.00 per hour. Because the applicable hourly rate is capped at 150% of the CJA rate, it is unnecessary to decide whether $350.00 is a reasonable hourly rate.  The applicable hourly rate for CJA counsel is $94.00.  Thus, the maximum hourly rate that can be applied here is $141.00 per hour.  This Court finds the amount of time and the billing rate to be reasonable, however, based upon the statute in that  plaintiff was awarded $1.00 his attorneys fees are capped at $1.50.

Mr. Seneca also asks the Court to award him out of pocket expenses in the amount of $214.50.   These expenses must be considered part of the allowable attorneys fee under Section 1988.  See Downes v. Volkswagen of America, Inc., 41 F.3d 1132, 1144 (7th Cir. 1994).  Under Section 1997e, the amount of the fee cannot exceed 150% of the judgment.  Therefore, the court cannot award an additional amount in excess of $1.50.

Plaintiff is instructed that in a civil case where an attorney is appointed by the Court to represent an indigent party, as is the case at bar, the District Judge or Magistrate Judge to whom the case is assigned may authorize the payment of out-of-pocket expenses reasonably incurred, and not otherwise recoverable. The District Judge or Magistrate Judge to whom the case is assigned may approve the reimbursement of such expenses only if they do not exceed $1,000.00 for the proceedings. The chairperson of the Fund may approve extraordinary expenses up to $2,500.00. Any request exceeding $2,500.00 must be approved by a majority of a quorum of the District Judges on the Advisory Committee.  Plan for the Administration of the

District Court Fund, March 2007, Section I.

      For the foregoing reasons, Plaintiff's Petition for Attorney's Fees (Doc. 96) is

**GRANTED**.  Defendant Anthony Ramos is **ORDERED** to pay Plaintiff's counsel Michael

Seneca attorneys fees in the total amount of **$1.50**.

**IT IS SO ORDERED.**

**DATE: September 30, 2008.**


                            *s/ Donald G. Wilkerson*
                            **DONALD G. WILKERSON**
                            **UNITED STATES MAGISTRATE JUDGE**